## JOINT ACTION AGAINST LESSEE AND ASSIGNEE.

Circuit Court of Cuyahoga County.

FRANCIS M. NORRIS v. CHARLES BUCHANAN ET AL.

Decided, February 18, 1907.

*Parties to Actions—Lessee and His Assignee May be Sued Jointly.*

Where action is brought upon the covenants of a lease which are bind-
ing on both the lessee and his assignee, they may be sued jointly,
and where one is found in the county summons may issue to an
adjoining county for the other.

*Frank Higley,* for plaintiff in error.

*Carr, Stearns & Chamberlain* and *Garfield, Howe & Westen-
haver,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error was plaintiff below and he seeks here a
reversal of the order of the court of common pleas granting
the motions of two of the three defendants below to quash the
summons served upon them. The ground of the motions was
an alleged misjoinder of the defendants, and the erroneous is-
suing of summons to two outside counties of this state for the
two defendants who filed the motions to quash.

The case made by the amended petition below is substantially
as follows:

The defendant, Buchanan, procured a lease to himself and
his assignees of plaintiff's land in Lorain county, and imme-
diately assigned said lease to the defendant, the United States
Cooperage Company. The lease contained a covenant for the
payment of rent, and under the rule in *Sutliff* v. *Atwood,* 15
Ohio State, 186, it became the legal duty of the assignee to pay
the rent while it enjoyed the estate, and the lessee continued
personally liable therefor.

Buchanan subsequently became insane, and is now confined
in a hospital at Toledo. The defendant Kahle was appointed
his guardian.

The petition below further alleges that the defendants have broken the covenants of the lease in regard to the payment of rent, and that they have removed property belonging to the lessor to his damage in an amount for which he asks judgment against Buchanan and the cooperage company.

The defendant, Kahle, as guardian, is also made a party defendant, under the provisions of Section 5000, Revised Statutes.

The cooperage company was served with summons in this county, and the-other two defendants were personally served in the other counties.

The ground of the last two defendants' motions to quash is founded on the provisions of Sections 5028 and 5035 of the Revised Statutes of Ohio.

Section 5028 provides generally that actions, the venue of which is not otherwise specially provided for, must be brought in the county in which the defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county.

Section 5035 provides that:

"When the action is rightly brought in any county, according to the provisions of the preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request," etc.

The claim made in behalf of the motion was and is that these three defendants were improperly joined as such: that no summons can be issued to another county, unless the action is rightly brought in the county from which said summons issues, and hence, that the summons issued to other counties for the defendants, Buchanan and Kahle, having been erroneously issued, should be quashed.

As regards the guardian, it is not seriously urged that if his ward might properly be served with summons outside of Cuyahoga county he might not also be lawfully served in the same manner, and we dismiss that question as of no moment. But it is said that the defendants, Buchanan and the United

States Cooperage Company, are not jointly liable, and hence are not jointly suable in this action.

Without pausing to determine the correctness of the latter part of this proposition, I refer again to *Sutliff* v. *Atwood, supra,* as conclusive of the incorrectness of the former part thereof. In the opinion by White, J., at page 194, it is said that:

"The lessor, where there is an express agreement of the lessee, may sue at his selection either the lessee or the assignee or may pursue his remedy against both at the same time, though he can have, of course, but one satisfaction."

The liability of the defendants Buchanan and the United States Cooperage Company being predicated upon the covenants of the lease, which are binding alike upon the original lessor and his assignee, it follows that it is of a joint and several nature, such as to render the maintenance by the lessor of an action for money only against them jointly perfectly allowable under our code.

The order of the court below in sustaining the motions to quash the summons is therefore erroneous and must be reversed.